FILED
JAN 09 2020
[signature]
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| SD VOICE and CORY HEIDELBERGER, <br><br> Plaintiffs, <br><br> vs. <br><br> KRISTI G. NOEM, SOUTH DAKOTA GOVERNOR IN HER OFFICIAL CAPACITY; JASON RAVNSBORG, SOUTH DAKOTA ATTORNEY GENERAL IN HIS OFFICIAL CAPACITY; AND STEVE BARNETT, SOUTH DAKOTA SECRETARY OF STATE IN HIS OFFICIAL CAPACITY; <br><br> Defendants. | 1:19-CV-01003-CBK <br><br><br> OPINION AND ORDER |

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| SOUTH DAKOTA NEWSPAPER ASSOCIATION, SOUTH DAKOTA RETAILERS ASSOCIATION, SOUTH DAKOTA BROADCASTERS ASSOCIATION, SOUTH DAKOTA CHAMBER BALLOT ACTION COMMITTEE, THOMAS BARNETT JR., and AMERICANS FOR PROSPERITY, <br><br> Plaintiffs, <br><br> vs. <br><br> STEVE BARNETT, IN HIS OFFICIAL CAPACITY AS SOUTH DAKOTA SECRETARY OF STATE, and JASON RAVNSBORG, IN HIS OFFICIAL CAPACITY AS SOUTH DAKOTA ATTORNEY GENERAL, <br><br> Defendants. | 3:19-CV-03010-CBK <br><br><br> OPINION AND ORDER |

Plaintiffs in these two cases filed complaints seeking a preliminary and permanent injunction preventing the State of South Dakota from enforcing IM 24, a 2018 initiated measure which banned out-of-state contributions to South Dakota ballot question committees. Following a court trial, I issued a memorandum opinion and order finding that IM 24 is unconstitutional because it violates First Amendment rights to engage in political speech and to associate with others to fund political speech and because it violates the Commerce Clause by interfering with the free flow of money between persons or entities from another state and ballot questions committees in South Dakota. I enjoined enforcement of IM 24 and awarded attorney fees and costs in an amount to be determined later by the Court.

The plaintiffs have filed their motions and affidavits in support of an award of attorney fees and the parties have fully briefed the issue. Plaintiffs SD Voice and Cory Heidelberger were represented by James D. Leach. Plaintiffs seek reimbursement for Mr. Leach's fees in the amount of $30,090, expenses and costs in the amount of $1,589.30, and additional fees for responding to the defendants' objection to the fee request in the amount of $2,010.00.

Plaintiffs South Dakota Newspaper Association, *et al.*, were represented by Marty J. Jackley and Sara Frankenstein of Gunderson, Palmer, Nelson & Ashmore, LLP and by Ryan Morrison of Institute for Free Speech. Plaintiffs seek reimbursement for the Gunderson Law Firm's fees in the amount $63,050.00, expenses and costs in the amount of $780.80, and additional fees for responding to the defendants' objections to the fee request in the amount of $6,125.00. Plaintiffs seek reimbursement for the Institute for Free Speech attorney's fees in the amount of $23,075.00.

**DECISION**

In an action filed pursuant to, *inter alia*, 42 U.S.C. 1983, the district court has the discretion to allow the prevailing party a reasonable attorney's fee. 42 U.S.C. § 1988. Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A prevailing party is "one who has been awarded some relief by the court which has created a material alteration of the legal relationship of the parties." Libertarian Party of Arkansas v. Martin, 876 F.3d 948, 952 (8th Cir. 2017), (*quoting* Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health and Human Res., 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)) (cleaned up).

Defendants do not argue that plaintiffs are not prevailing parties. Instead, defendants urge the Court to deny attorney fees based upon the argument that special circumstances render

2

an award unjust. Defendants cite the decision in Thorsted v. Gregoire, 841 F.Supp. 1068 (W.D. Wash. 1994) and urge that the following special circumstances exist which justify denial of an award of attorney's fees:

> 1. No award is needed to serve the purpose of Section 1988, which is to assure "effective access to the judicial process." This is not a typical civil rights case. The mere filing of suit by anyone with standing would have assured a full court test.
>
> 2. No relief has been won under the Section 1983 claims beyond that already awarded under the constitutional claims.
>
> 3. The legislation that prompted the suit was adopted by a voters' initiative, not by State officials. The deterrence purpose of Section 1983 is inapplicable.
>
> 4. The defendant officials have not yet enforced Initiative [24]. Their willingness to do so if it is upheld reflects only the minimum their oaths of office require.
>
> 5. The State officials have acted in good faith. "The Ninth Circuit has ruled that a defendant's good faith is one factor of several that a court may consider in applying the Attorney's Fees Act."
>
> 6. This is a case of first impression in federal court, and the public interest requires that it be adjudicated through a full adversary process. The State defendants have done nothing to increase the litigation costs beyond what would have been necessary in any event.
>
> 7. There was no way for the State officials to settle the case by agreement. Even if a stipulation of unconstitutionality had been entered (a most unlikely event), the court would have rejected it. State legislation is presumed constitutional until the contrary is shown.

Thorsted v. Gregoire, 841 F. Supp. 1068, 1084 (W.D. Wash. 1994), aff'd sub nom. Thorsted v. Munro, 75 F.3d 454 (9th Cir. 1996) (internal citations omitted).[1] Defendants have failed in their ethical obligation to advise the Court that the Ninth Circuit in Thorsted v. Gregoire held that "several of the circumstances identified by the district court would be insufficient, standing alone, to warrant a denial of fees." Thorsted v. Munro, 75 F.3d 454, 456 (9th Cir. 1996).

---

[1] Thorsted v. Gregoire struck a Washington initiated measure setting term limits for United States Senators and Representatives because "states, like Congress, are without power to add substantive requirements for election to Congress to those set forth in the Qualifications Clauses." Thorsted v. Gregoire, 841 F. Supp. at 1076.

3

Further, the Ninth Circuit has since rejected Thorsted, noting that many of the factors cited therein "are largely unique to that case . . . as well as being, in part, inadequate grounds for denial of fees." Democratic Party of Wash. State v. Reed, 388 F.3d 1281, 1285 (9th Cir. 2004).

I reject the contention that the State of South Dakota should not have to pay attorney's fees to defend an initiated law. Any attorney's fee award will be paid for by the taxpayers. Those same taxpayers voted for the initiated law that I ultimately held was unconstitutional. Remarkably, then South Dakota Attorney General Jackley warned the voters that the initiated measure would likely be challenged on constitutional grounds. https://sdsos.gov/elections-voting/upcoming-elections/general-information/2018-ballot-questions.aspx. Neither the state legislature nor the majority of voters are allowed to pass laws that violate the Constitution without risking the possibility that those oppressed by the measure will expend attorney's fees challenging it, and, upon success, be entitled to reimbursement.

In addition, defendants urge the Court to deny fees to the South Dakota Newspaper plaintiffs because that case was filed after the SD Voice case, sought the same relief, and was, in effect, a tag-along case. Defendants further argue against their fee request based upon the defendants' requested stay – which would have negated many of the requested hours expended by counsel. Defendants' assertions are rejected.

The South Dakota Newspaper Association Plaintiffs claimed IM 24 interfered with their First Amendment rights and prevented them from making or receiving contributions in violation of the Commerce Clause. While those issues were raised by the SD Voice plaintiffs, the defendants had filed a brief in resistance to the SD Voice plaintiffs' motion for an injunction wherein the defendants raised issues of standing as well as whether the SD Voice plaintiffs could show irreparable injury. The South Dakota Newspaper Association plaintiffs filed their complaint shortly thereafter. The second law suit was not a tag-along case. To the contrary, the plaintiffs in that case supplied different legal theories for finding IM 24 unconstitutional.

Plaintiffs are prevailing parties who are entitled to attorney's fees. The next step is to determine whether the requested fees are reasonable. "The starting point in determining an attorneys' fee award under § 1988 is the lodestar, which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates." North Dakota v. Lange, 900 F.3d 565, 570 (8th Cir. 2018).

**I. Hours Reasonably Expended.**

The party seeking an attorney fee award must submit adequate documentation of hours expended or the district court may reduce the award. Hensley v. Eckerhart, 461 U.S. 433, 103 S.Ct. at 1939.

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94–1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."

Hensley v. Eckerhart, 461 U.S. at 434, 103 S. Ct. at 1939–40.

**A. SD Voice and Heidelberger Counsel.**

James Leach has requested compensation for 100.3 hours expended during the case and another 6.7 hours responding to the defendants' resistance to his fee request. Defendants object to 1.6 hours expended in preparation related to potential witnesses for the May 3, 2019, court trial. Plaintiffs SD Voice and Heidelberger ultimately called just one witness, plaintiff Heidelberger. However, interviewing other potential witnesses is not an unnecessary task in preparing for trial. The defendants' objections in this regard are rejected.

Defendants object to time expended in emailing two unnamed and "confidential cooperating attorneys." The time claimed in these entries occurred prior to the filing of the companion case, South Dakota Newspaper Association, et al. v. Barnett, filed April 17, 2019. Defendants contend that time expended "'kicking around a case" with other lawyers" is time spent for the benefit of the attorney, not the client. It is not clear in this case whether Mr. Leach was conferring with the attorneys who thereafter filed their own case challenging IM 24 or with some other attorneys. Counsel has failed to adequately document the time to justify requiring the defendant to pay for that time. It is appropriate to strike .80 hours expended on emailing other unnamed attorneys.

Defendants object to time expended in preparing an amended complaint to correct typographical errors in the original complaint. Defendants claim that their attorney

5

communicated to Mr. Leach that the State would not raise any issue concerning the errors. The amended complaint was filed for counsel's own benefit in correcting his own errors. It is appropriate to strike .40 hours expended on amending the complaint to correct counsel's errors.

Finally, defendants object to 2.9 hours related to the companion case. Plaintiffs in the South Dakota Newspaper Association case filed a motion to consolidate their action with the SD Voice/Heidelberger action and to either transfer the SD Voice/Heidelberger case to the Central Division or transfer the South Dakota Newspaper Association case to the Northern Division. In response, the defendants moved to stay the latter case. This Court did not consolidate the cases but instead held a joint court trial. Following trial, all parties submitted proposed orders. The hours spent reviewing the motions, briefs, and proposed orders in the companion case were properly expended.

Defendants have not objected to the 6.7 hours claimed by Mr. Leach to have been expended responding to defendants' objections to the fee request. Plaintiffs SD Voice and Heidelberger are entitled to attorney's fees for 105.8 hours expended in this action.

### B. South Dakota Newspaper Association, et al. Counsel.

Plaintiffs in the South Dakota Newspaper Association case were represented by five attorneys who filed notices of appearance. Three attorneys have submitted attorney's fee requests. The law firm of Gunderson, Palmer, Nelson & Ashmore LLP recorded a total of 226.9 hours for work performed by Marty Jackley, Sara Frankenstein, and two paralegals. Not all of those hours were billed to the plaintiffs. By my calculation, only 216 hours were billed. In addition, plaintiffs' counsel partnered with Ryan Morrison of the Institute for Free Speech. Plaintiffs have requested compensation for 92.3 hours for work performed by Mr. Morrison. Mr. Morrison does not request compensation for an additional 10.7 hours performed by other staff attorneys who did not enter notices of appearance. In addition, the Gunderson law firm requests compensation for an additional 22.9 hours spent responding to the defendants' objections to their attorney fee request.

As set forth above, the South Dakota Newspaper Association plaintiffs filed their complaint April 17, 2019, shortly after the defendants filed their brief in resistance to the SD Voice plaintiffs' motion for injunctive relief. The Court's memorandum opinion and order was filed May 9, 2019. Mr. Morrison claims time for work beginning in February 2019 for researching and drafting the complaint and for work beginning in April 2019 for researching and

6

preparing the motion to consolidate and to attend the trial. Mr. Jackley began work researching causes of action in February 2019. Ms. Frankenstein began work researching standing issues beginning in March. Much of the work performed researching in preparation for the filing of the South Dakota Newspaper Association complaint occurred prior to the March 1, 2019, filing of the SD Voice complaint. Mr. Jackley attended trial but Ms. Frankenstein did not.

Defendants contend that the time claimed for researching and drafting the complaint are excessive. Defendant object to the expenditure of 153.2 hours expended prior to the filing of the complaint on April 17, 2019. Defendants contend that the excessiveness of the hours is apparent given that Mr. Leach only expended 14.7 hours in drafting his complaint and Mr. Leach's complaint had already been filed. Sixty of the hours requested for researching and drafting the South Dakota Newspaper Association complaint were expended prior to the filing of the SD Voice complaint.

Many of the hours requested prior to the filing of the complaint concerned consultation with the individual plaintiffs and inquiry into the facts pertinent to standing of individual plaintiffs. There were six plaintiffs named in the South Dakota Newspaper Association complaint. All but one of those plaintiffs were entities whose standing may have involved more complicated issues. Following the filing of the SD Voice complaint, defendants filed an answer on March 27 raising lack of standing as an affirmative defense. In their April 10 resistance to the SD Voice plaintiffs' request for a preliminary injunction, the defendants again raised standing as an issue. Additional work was performed by the attorneys in the South Dakota Newspaper Association case prior to the filing of the complaint on April 17.

I reject defendants' suggestion that the South Dakota Newspaper Association plaintiffs are not entitled to attorney's fees based upon defendants' claim that those plaintiffs' case was a tag-a-long case. Those plaintiffs had contacted counsel prior to the filing of the SD Voice complaint. Those plaintiffs had every right to rely upon counsel of their choosing to assert their Constitutional claims.

It would appear that excessive hours worked, if any, were performed in response to the defendants' assertion of lack of standing. It was entirely reasonable for the South Dakota Newspaper Association attorneys to make additional inquiry of potential plaintiffs and continue to research standing as it applied to those plaintiffs prior to filing their complaint. After the filing of the South Dakota Newspaper Association complaint, it was reasonable for all the

plaintiffs' attorneys to review all the filings in the cases, research and respond to motions and briefs, and to separately prepare for trial on the merits.

It does not appear that any of Mr. Morrison's hours were duplicate or lacking in justification. While Mr. Jackley and Ms. Frankenstein saved the expense of duplicate appearances at trial, it is appropriate to reduce their firm's hours by 20% to reflect that two attorneys from the same firm were working on the case, sometimes simultaneously. Because Mr. Jackley and Ms. Frankenstein request different hourly rates and did not separately set forth their hours, the reduction must be made after determination of the lodestar. The additional hours requested for responding to the defendants' objections to the fee request are not subject to reduction.

Mr. Morrison is entitled to compensation for 92.3 hours. The Gunderson law firm is entitled to compensation for the requested portion of the 226.9 hours expended on the case (217 hours) and an additional 22.9 hours responding to defendants' objections to the attorney fee request.

## II. Reasonable Hourly Rate.

The second step in determining the lodestar in calculating a § 1988 attorney's fee award is to determine the reasonable hourly rate. The lodestar rate is not necessarily counsel's "normal" hourly rate but instead takes into account the prevailing market rate. Bryant v. Jeffrey Sand Company, 919 F.3d 520, 529 (8th Cir. 2019). "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." Snider v. City of Cape Girardeau, 752 F.3d 1149, 1159 (8th Cir. 2014). The district court must determine what rate is "reasonable and commensurate" with counsel's qualifications and experience. Id.

### A. Mr. Leach.

Mr. Leach requests reimbursement of attorney's fees at the rate of $300 per hour. Defendants contend that, in South Dakota, the reasonable hourly rate for an attorney of Mr. Leach's experience is $175 - $210 per hour.

In 2010, Mr. Leach was awarded an hourly rate of $250 in an employment disability insurance claim. Hacket v. Standard Ins. Co., 2010 WL 5068098 (D.S.D. 2010) (Viken, D.J.). That case awarded fees to Mr. Leach for legal work which began in 2006 and concluded in 2010. The 2019 market rate for attorneys in the District of South Dakota is now higher.

Defendants argue that U.S. District Judge Schreier held that "a reasonable rate within the District of South Dakota is $175 - $210 depending on the experience of the attorney," citing Argus Leader Media v. United States Dep't of Agric., No. 4:11-CV-04121-KES, 2017 WL 3316050, at *4 (D.S.D. Aug. 3, 2017). Defendants have attempted to mislead the Court in that regard. What Judge Schrier held is that "[t]his court has previously held that a reasonable rate within the District of South Dakota is $175-$210 depending on the experience of the attorney." Id. (emphasis supplied), citing cases from 2008, 2009, and 2010. The fees in Argus Leader were generated beginning in 2011. Judge Schreier in no way implied that the market rate in South Dakota in 2017 was no more that $210. In fact, in the Argus Leader case, counsel for the defendant was only seeking $200 per hour and Judge Schreier awarded fees at the requested rate.

Defendants cited only old case law in support of their objection to Mr. Leach's requested rate and have attempted to mislead the Court about that law. I reject defendants' claim that the hourly market rate for attorneys with similar experience was only $175 - $210 in 2019. Apparently that was the going rate in 2008 - 2010. Mr. Leach is an experienced attorney. A Westlaw search shows 63 federal district court opinions (some involving the same case) wherein Mr. Leach served as counsel of record. Those cases include constitutional issues, voting rights, ERISA, Social Security, conservation, and insurance bad faith claims. Mr. Leach has 44 years of experience as an attorney and has more recently become an expert in election law bringing claims on behalf of persons or entities whose U.S. Constitutional rights or Voting Rights Act rights are affected by South Dakota law. I find that an hourly fee of $300 is reasonable in this case. See Snider v. City of Cape Giradeau, 752 F.3d at 1160 (attorneys with expertise and experience in constitutional litigation provide support for higher hourly rates).

### B. Mr. Morrison.

The South Dakota Newspaper Association plaintiffs request reimbursement of Mr. Morrison's attorney's fees at an hourly rate of $275. Defendants cite the same case law as cited in opposition to Mr. Leach's attorney fee request for the proposition that $275 exceeds the market rate in the District of South Dakota. As set forth above, I reject defendants' assertion that the hourly market rate in 2019 was $175 - $210.

### C. Mr. Jackley.

Plaintiffs request reimbursement of Mr. Jackley's fees at an hourly rate of $300. Defendants contend that Mr. Jackley is not entitled to that rate because there is no assertion that

9

he specializes in the area of law at issue in these cases. Mr. Jackley served as South Dakota Attorney General for ten years. Prior to that, he served as the United States Attorney for the District of South Dakota. It is ludicrous to suggest that he does not possess expertise in Constitutional law. I reject any claim that he is not an expert litigator who is entitled to reimbursement at the hourly rate of $300. I reject any contention that hours spent traveling to court should be compensated at a reduced rate.

### D. Ms. Frankenstein.

Plaintiffs request reimbursement of Ms. Frankenstein's fees at the hourly rate of $275. There is no doubt that Ms. Frankenstein specializes and is an expert in election rights law. She often commands a higher hourly rate and the requested rate is more than reasonable for her services. Defendants contend that she should not be compensated as an expert in election law since plaintiffs required the assistance of out of state counsel. I reject that assertion. Mr. Morrison's work did not overlap Ms. Frankenstein's work. Further, Ms. Frankenstein is requesting a reduced rate compared to her customary rate given her experience. The hourly rate of $275 more than compensates for the additional use of out of state counsel for the services performed.

### E. Paralegals.

The Gunderson law firm's attorney's fee billing includes paralegal time billed at the hourly rate of $120. The tasks performed by the paralegals involved minor drafting and research and well as matters associated with PACER and CM/ECF, which are electronic file programs used in federal court. Use of paralegals for such matters is entirely appropriate and reasonable in reducing overall attorney's fees. Defendants do not object to the request for paralegal fees but question the propriety of charging both paralegals at the same rate without evidence that both paralegals are entitled to that rate. Defendants do not set forth any facts or argument showing that another rate is more reasonable for one of the paralegals. Defendants objection to the rate assigned for paralegal work should be rejected.

### III. Should the Lodestar be adjusted up or down?

"The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward." Hensley v. Eckerhart, 461 U.S. at 434, 103 S. Ct. at 1940. I previously identified one such consideration – the use of multiple attorneys from the same firm.

Although attorneys may divide the workload, any such division of labor still requires both attorneys to become familiar with the case and to review the work of co-counsel and opposing counsel. In that sense, there is necessarily a duplication of effort. Taking that consideration into account, I find that the requested fees of $63,050.00 of the attorneys from the Gunderson law firm should be adjusted downward by 20%. No adjustment is warranted to the $6,125.00 fee request for additional work performed in conjunction with the objections to the fee request. No adjustment is applicable to Mr. Morrison's fees.

I find that the fees of Mr. Leach should not be adjusted.

## IV. EXPENSES

### A. SD Voice and Heidelberger Expenses.

Plaintiffs SD Voice and Heidelberger request reimbursement of attorney expenses for travel to trial in the total amount of $644.12. Defendants do not object to those expenses. Plaintiffs also request reimbursement of $439.78 for computerized legal research ("CLR"). Defendants object that such expenses are part of overhead and not properly included in a fee award. Defendants cite a 1993 case for the proposition that, in the Eighth Circuit, computer-based legal research may not be separately added to the fee award. Once again, defendants have attempted to mislead this Court as to the law. The United States Court of Appeals for the Eighth Circuit has held that "CLR is now a common litigation expense, and it may be reimbursable." Hernandez v. Bridgestone Americas Tire Operations, LLC, 831 F.3d 940, 950 (8th Cir. 2016). District courts have the discretion to award CLR to the prevailing party under a fee-shifting statute if the prevailing party demonstrates that separately billing for such expenses is the prevailing practice in the community. Id. No such evidence was presented by Mr. Leach. I nonetheless conclude that those expenses are reimbursable in this case. Total reimbursable expenses are $1083.90.

### B. South Dakota Newspaper Association Plaintiffs.

The South Dakota Newspaper Association Plaintiffs seek reimbursement for $180.80 for Mr. Jackley's travel expenses for attending trial. Such expenses are properly allowed as part of the attorney's fee.

## V. COSTS.

Pursuant to Fed. R. Civ. P. 54(d)(1), costs should be allowed to the prevailing party. Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

### A. SD Voice and Heidelberger Plaintiffs.

The SD Voice and Heidelberger plaintiffs incurred a filing fee of $400 and $105.40 in copy fees, all of which are allowable expenses.

### B. South Dakota Newspaper Association Plaintiffs.

The South Dakota Newspaper Association plaintiffs incurred a filing fee of $400 and an additional $200 in attorney admission fees. All of such fees are allowable expenses. *See* Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009) (*pro hac vice* fees are recoverable as fees of the clerk under 28 U.S.C. § 1920).

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiffs' motion, Doc. 36 in 1:19-CV-01003, is granted in part. Plaintiffs SD Voice and Heidelberger are entitled to attorney's fees in the total amount of $32,100.00, expenses in the amount of $1,083.90, and costs in the amount of $505.40.

2. Plaintiffs' motion, Doc. 27 is 3:19-CV-03010, is granted, in part. Plaintiffs South Dakota Newspaper Association, *et al.*, are entitled to total attorney's fees in the amount of $79,640.00, representing fees to the Gunderson Law Firm of $56,656.00 and to Mr. Morrison in

the amount of $23,075.00, expenses in the amount of $180.80, and costs in the amount of $600.00.

DATED this 9th day of January, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge